UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VALENCIA RENA GARNER,

    Plaintiff,

v.                                                                                    Case No. 6:17-cv-1347-Orl-37GJK

PUBLIX SUPERMARKET;
DEPARTMENT OF PUBLIX HEALTH;
WIC PROGRAM; U.S. DEPARTMENT
OF TRANSPORTATION; MARTA;
ABORTION CLINIC; FEDERAL
POLICE; DAVID LAVALLEY; and
COLLEGE PARK POLICE CHIEF,

    Defendants.
_____

## ORDER

In the instant action, Plaintiff asserts claims arising from events that occurred in Decatur, Georgia, Atlanta, Georgia, Ellenwood, Georgia, College Park, Georgia, and Orlando, Florida. (Doc. 1.) Upon consideration, the Court finds that the action is due to be transferred to the Atlanta Division of U.S. District Court for the Northern District of Georgia.

Under 28 U.S.C. § 1391, a civil action may be brought in:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

("**Federal Venue Statute**"). According to the Complaint, Defendants are located in Decatur, Georgia, Atlanta, Georgia, College Park, Georgia, and Washington D.C. (Doc. 1, pp. 2–3.) Because Defendants are not all residents of the same state, subsection (1) of the Federal Venue Statute is inapplicable. Turning then to subsection (2), it is clear that the *substantial* part of the events giving rise to Plaintiff's claims occurred in Georgia, not Florida. (*See generally* Doc. 1.)[1]

Accordingly, the Clerk is **DIRECTED** to transfer this action to the Atlanta Division of the U.S. District Court for the Northern District of Georgia, which encompasses the counties where a substantial part of the events alleged in the Complaint occurred.[2]

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 25, 2017.



ROY B. DALTON JR.
United States District Judge

---

[1] Subsection (3) of the Federal Venue Statute is a catchall provision, which only applies if the two proceeding subsections are inapplicable. Such is not the case here.
[2] *See* M.D. Ga. Local Rule 3.1B(3) (stating that any civil action brought in the Northern District of Georgia on the ground that the cause of action arose there must be filed in a division where the activity occurred).

Copies to:
Counsel of Record